UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------
In Re:

LUIGI ROSABIANCA,

                  Debtor.
--------------------------------------------------------------------
CARMELO ROSABIANCA and
VIVIAN ROSABIANCA,

                  Plaintiffs,

       -against-

LUIGI ROSABIANCA,

                  Defendant.
--------------------------------------------------------------------

Chapter 7

Case No. 1-20-40385-ESS

Adversary Proceeding
No. 20-01030

**AFFIDAVIT OF
<u>CARMELO ROSABIANCA</u>**

Carmelo Rosabianca, being duly sworn, deposes and says:

1.      That I am a Plaintiff in the within action.

2.      I submit this affidavit in support of Plaintiffs' motion for default judgment.

3.      The basis for this action is the criminal and fraudulent behavior of my son, Defendant Luigi Rosabianca ("Defendant").

4.      At all times since August 15, 1974, the property located at 2342 Benson Avenue, Brooklyn, New York 11214 has been my and my wife's home and primary residence.

5.      However, the reckless, cruel, and fraudulent behavior of my son, Luigi Rosabianca, has now forced me into facing the imminent sale of my home and primary residence via foreclosure auction.

6. On May 14, 2008, Defendant obtained a mortgage loan from non-party Emigrant Mortgage Company (hereinafter "Emigrant") for a condominium located at 55 Wall Street, Unit 540, New York, New York (the "Manhattan Property"), in the amount of $1.76 million.

7. Unbeknownst to the me, Defendant also agreed to collateralize my home as part of the loan.

8. At the closing, Defendant represented himself, me as attorney-in-fact, and my wife as attorney-in-fact, and acted as title closer and settlement agent at the same time.

9. Defendant's power to act as my "attorney-in-fact" and pledging my home as additional collateral for the Emigrant loan was derived from a fraudulently obtained durable power of attorney, purportedly executed on April 30, 2008.

10. However, this power of attorney was procured by Defendant via a series of fraudulent misrepresentations that he made to me and my wife.

11. Specifically, Defendant misrepresented to me and my wife that the durable powers of attorney would only be used for the express and limited purpose of refinancing our home for Plaintiffs and for no other purposes. In fact, the durable powers of attorney explicitly state that the same were limited for the express purpose of refinancing our home and nothing else.

12. My wife and I never agreed to appoint Defendant as our "attorney-in-fact" for anything related to the Manhattan Property.

13. My wife and I never agreed, or would have agreed, to pledge our home as collateral for the Defendant's mortgage loan with Emigrant.

14. Until the Foreclosure Action commenced in March 2014, I had no knowledge of the Emigrant mortgage loan which was encumbering our home or that our home had been pledged as collateral by Defendant.

15. Upon learning of the Foreclosure Action, Defendant continually misrepresented to me and my wife that he would defend us in the same to prevent the unjust foreclosure of our home.

16. Defendant also misrepresented to me and my wife that he had, in fact, filed an Answer on our behalf in the Foreclosure Action.

17. Once my wife and I were made aware that we were in default in the Foreclosure Action as a direct result of Defendant's misrepresentations and failure to represent us, we retained counsel to represent us in the Foreclosure Action and seek vacatur of our respective defaults.

18. Ultimately, after years of additional litigation, a final Judgment of Foreclosure and Sale ("JFS"), dated October 28, 2019 and entered with the Clerk of the Court of New York County on November 7, 2019, was procured by Emigrant in the Foreclosure Action in the amount of $2,605,080.69, plus interest and costs.

19. As a result of the aforementioned JFS, Emigrant issued Notices of Sale on December 18, 2019, pursuant to which the Manhattan Property was to be sold via public auction on January 22, 2020, and our home was to be sold via public auction on January 23, 2020.

20. The respective foreclosure auctions did not take place because of Defendant's commencement of the underlying Bankruptcy Action.

21. However, as the Bankruptcy Action has concluded, our home will undoubtedly be sold by Emigrant, despite that the fact that the encumbrance enjoyed by Emigrant on the Premises was procured only as a result of Defendant's wrongful conduct.

22. For the reason set force herein, we commenced this complaint against Defendant on March 12, 2020. However, Defendant failed to answer and is now in default.

23. As such, I ask that this Court grant default judgment against Defendant, schedule an inquest for this matter on the next available date, award me and my wife compensatory and punitive damages determined by the Court, and award us all costs, disbursement, and reasonable attorney's fees allowed by law.

_____
Carmelo Rosabianca

Sworn to before me
this 21 day of September 2020

_____
NOTARY PUBLIC

Serge F Petroff
Notary Public, State of New York
No. 02PE6348678
Qualified in Kings County
Commission Expires October 03, 20 20